RUTH ELIZABETH WATSON v. JUNIOR BRAGG KING
— AND —
JUNIOR BRAGG KING v. ELIZABETH RUTH WATSON KING

No. 7119SC338

(Filed 23 June 1971)

APPEAL by plaintiff, Ruth Elizabeth Watson, and defendant, Elizabeth Ruth Watson King, from *Long, J.,* 2 November 1970 Civil Session of Superior Court held in RANDOLPH County.

Ruth Elizabeth Watson, hereinafter called appellant, instituted an action against Junior Bragg King, hereinafter called appellee, seeking damages for assault. Subsequently appellee filed an action against appellant seeking a divorce, alleging among other things "That the plaintiff and the defendant were married to each other on the 23rd (5) day of February (March), 1961 (1961), in Asheboro, North Carolina, and thereafter lived together as husband and wife until on or about the 15th day of February, 1968, when they separated. That since the 15th day of February, 1968, the plaintiff and the defendant have lived continuously separate and apart from each other. That there were three children born of the marriage between the plaintiff and the defendant, to wit: Tracy King, age eight; Nane King, age three; and Ken King, age twenty-two months."

To the latter action appellant filed an answer, further defense and cross action wherein, among other things, in substance, she (1) admitted that the parties had gone through a marriage ceremony but denied that the parties were ever married, contending that the purported marriage was void because it was bigamous on the part of appellee; (2) alleged that the separation of the parties was caused by the assault which was the subject of her original action; and (3) sought damages for the unlawful and deceitful actions of appellee in causing her to rely on appellee's false representation that he was not married when the parties entered into the purported marriage.

Over objections of appellant, the cases were consolidated for trial. In her action for assault, appellant prayed for compensatory damages in the amount of $25,000 and punitive damages in the amount of $25,000. The jury found for appellant in that case but awarded her damages of only $500. In appellee's action for divorce, the jury answered the first issue in favor of appellant by finding that the parties were not lawfully married

as alleged in the complaint. Among others, the following issue was also submitted: "Did the plaintiff, Junior Bragg King, by fraudulent activity, induce the defendant, Elizabeth Ruth Watson King to enter into a bigamous relationship?" This issue was answered "No." From judgments entered on the verdicts, Ruth Elizabeth Watson (King) appealed in each case.

*Bell, Ogburn and Redding by John N. Ogburn, Jr., for appellee.*

*Ottway Burton for appellant.*

VAUGHN, Judge.

We have carefully considered each of appellant's 38 exceptions. A number of these were taken to discretionary rulings of the trial judge. No abuse of discretion has been shown. Our review of the proceedings in the trial leads us to conclude that the judgments from which appellant appealed are in conformity with the ultimate rights of the parties. Technical error alone does not compel a reversal. After careful consideration of the entire record and the briefs of the parties, we hold that prejudicial error sufficient to warrant a new trial does not appear.

No error.

Chief Judge MALLARD and Judge PARKER concur.